```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
```

| | |
|---|---|
| WILLIAM C. COZINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24 CV 54 RWS |
| | ) |
| DOLGENCORP, LLC, | ) |
| | ) |
| Defendant, | ) |

## ORDER

On December 21, 2023, Defendant Dolgencorp, LLC removed this case from state court based on federal diversity jurisdiction. On January 4, 2024, I *sua sponte* remanded the case because the removal papers indicated that the amount in controversy was in excess of $25,000, not enough to satisfy the requirements of federal diversity jurisdiction.

On January 10, 2024, Dolgencorp again removed the case, this time asserting that the amount in controversy was greater than $75,000, the federal diversity jurisdiction threshold.

Plaintiff William Cozine's state court petition alleges that he was injured after tripping over a pallet left in a walkway of Dolgencorp's Dollar General Store in in Festus, Missouri. The petition alleges that Cozine suffered serious and permanent injuries to his head, neck, shoulders, hips, and back. Cozine alleges that

his ability to work and enjoy life has been, and will continue to be, diminished, impaired, and limited by the physical pain and mental anguish of said injuries. Corzine also alleges past and future medical treatment for his injuries as well as additional expenses.

On February 6, 2024, Cozine filed a motion to remand asserting that Dolgencorp's removal papers fail to provide sufficient proof that the matter in controversy exceeds $75,000. Dolgencorp opposes remand.

Federal district courts have original diversity jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). The party seeking removal has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. The party seeking removal based upon diversity jurisdiction must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

Diversity jurisdiction may be based on the factual allegations of a plaintiff's injuries asserted in his state court petition. Whether Cozine's allegations in his

2

petition regarding his injuries meets the federal jurisdiction threshold is a close call.  When confronted with such a removal I have allowed a plaintiff to clarify his alleged damages before ruling on a motion to remand.  This path saves judicial resources and time in both state and federal court.  If Cozine is seeking damages no greater than $75,000, he may file an affidavit asserting that he is not seeking, nor will he accept, damages greater than $75,000.  Upon receipt of that affidavit I will remand this matter to state court.  If Cozine declines to submit such an affidavit, I will decide whether, based on the allegations in his petition of serious and permanent injuries and the need for future medical treatment, he is seeking damages in excess of $75,000.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff William Cozine may file a binding affidavit asserting that he is not seeking, nor will he accept, damages greater than $75,000 in this matter, no later than **February 23, 2024**.  If Cozine declines to file such an affidavit he must file a notice with the Court no later than **February 23, 2024**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2024.